UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 1 of 12 |

]Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO DISMISS [15]**

**I.
PROCEDURAL BACKGROUND**

Plaintiffs Alfred and Nia Caroline Langkilde filed the operative Complaint against Defendants JPMorgan Chase Bank, N.A. ("Chase"); National Default Servicing Corporation; and U.S. Bank National Association as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates Series 2007-A ("U.S. Bank"), which alleges (1) dual tracking under the Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.6; (2) violation of California Civil Code Section 2923.7, as to Chase only; (3) negligence; (4) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (5) accounting. [Doc. # 1-2.]

Chase and U.S. Bank (collectively, "Defendants") filed the instant Motion to Dismiss ("MTD"), seeking dismissal with prejudice, and a Request for Judicial Notice ("RJN") in support of the MTD. [Doc. ## 15, 15-1.]

**II.
REQUEST FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," including "matters of public record." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824 n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 709 F.2d 1279, 1282 (9th Cir. 1986)). In support of its MTD, Defendants request that the Court take judicial notice of the following publicly recorded or filed documents:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 2 of 12 |

    **Exhibit 1:**  Deed of Trust recorded on November 2, 2006;

    **Exhibit 2:**  Corporate Assignment of Deed of Trust recorded on March 21, 2012;

    **Exhibit 3:**  Substitution of Trustee recorded on June 20, 2012;

    **Exhibit 4:**  Notice of Default and Election to Sell Under Deed of Trust recorded on June 20, 2012;

    **Exhibit 5:**  Notice of Trustee's Sale recorded on February 2, 2017;

    **Exhibit 6:**  Trustee's Deed Upon Sale recorded March 6, 2017;

    **Exhibit 7:**  Complaint in the action entitled *Alfred Langkilde v. National Default Servicing Corporation, et al.*, Ventura County Superior Court, Case No. 56-2016-00483204-CU-OR-VTA, filed on June 22, 2016;

    **Exhibit 8:**  Motion to Dismiss Plaintiff's Complaint in the action entitled *Alfred Langkilde v. National Default Servicing Corporation, et al.*, U.S. District Court of Central District of California, Case No. 2:16-cv-05652-PSG (Ex); and

    **Exhibit 9:**  Minute Order Granting Defendant's Motion to Dismiss in the action entitled *Alfred Langkilde v. National Default Servicing Corporation, et al.*, U.S. District Court of Central District of California, Case No. 2:16-cv-05652-PSG (Ex), entered on September 28, 2016.

RJN at 2–3.

   Because Exhibits 1, 4, 5, and 6 are attached to the Complaint as Exhibits A through D, the Court will consider them but need not take judicial notice of them. *See Hsu v. Puma Biotech., Inc.*, 213 F. Supp. 3d 1275, 1280–81 (C.D. Cal. 2016) (explaining distinctions between judicial notice and the incorporation by reference doctrine, which permits a court on a Rule 12(b)(6) motion to consider documents attached to the complaint); Complaint at ¶¶ 34, 40, 43, 45. The Court thus **DENIES** the RJN as to these Exhibits. Exhibits 2 and 3 are publicly recorded documents that are relevant to the instant dispute and the Court's resolution of the MTD. The Court **GRANTS** the RJN as to these Exhibits. Although Exhibits 7 through 9 are publicly available court records and therefore the proper subject of judicial notice, the Court does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 3 of 12 |

not consider them in its analysis and therefore **DENIES** the RJN as to them.

### III.
### FACTUAL BACKGROUND[1]

Plaintiffs Alfred and Nia Caroline Langkilde owned and resided in the real property located at 1821 Carmen Way, Oxnard, California 93035, which is the subject of this action (the "Subject Property"). Complaint at ¶ 2. On or around October 24, 2006, the Langkildes obtained a mortgage loan of $652,000.00 from Washington Mutual Bank, FA (the "Loan"). *Id.* at ¶ 34. The Loan was secured by the Subject Property through a deed of trust ("DOT") recorded on November 2, 2006. *Id.* Chase serviced the Loan. *Id.* at ¶ 38. On March 7, 2012, the DOT was assigned to U.S. Bank following the execution of a deed of trust recorded on March 21, 2012. *Id.* at ¶ 35; Exhibit 2 to RJN [Doc. # 15-3].

Later, when the Langkildes had trouble making their mortgage payments, they requested mortgage assistance from Chase. Complaint at ¶ 39. The Langkildes applied for loan modifications, but Chase kept the Langkildes in "perpetual review with an endless cycle of requests for duplicative information and false claims that documents were not received." *Id.* at ¶ 39.

On June 20, 2012, Defendants executed a Notice of Default on the Subject Property. *Id.* at ¶ 40; Exhibit B to Complaint ("Notice of Default") [Doc. # 1-2 at 47–48]. Sometime afterwards, the Langkildes encountered a change in their financial circumstances and applied for a loan modification. Complaint at ¶ 41. Chase undertook a review of their loan modification application, and the Langkildes "diligently complied with all of Chase's requests for documents." *Id.* at ¶ 42. Although the Langkildes submitted a complete loan modification application, Defendants continued the foreclosure proceedings against the Subject Property, and a Notice of Trustee's Sale was recorded on February 2, 2017. *Id.* at ¶ 43; Exhibit C to Complaint ("Notice of Trustee's Sale") [Doc. # 1-2 at 49–52]. Defendants also delayed the Langkildes' requests for foreclosure alternatives, due to both their slow processing systems and their failure to properly train representatives to comply with servicing standards and HBOR's outreach requirements. Complaint at ¶ 46.

On or around February 20, 2017, the Langkildes were assured by Chase's authorized representative that they qualified for a loan modification and that the foreclosure would not

---

[1] For purposes of ruling on the MTD, the Court takes as true all well-pleaded factual allegations in the Complaint and draws all reasonable inferences therefrom in favor of the Langkildes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 4 of 12 |

proceed. Complaint at ¶ 44. But on March 2, 2017, Defendants conducted a trustee's sale of the Subject Property, and U.S. Bank acquired the Subject Property from the sale. *Id.* at ¶ 45; Exhibit D to Complaint ("Trustee's Deed Upon Sale") [Doc. # 1-2 at 53–55].

According to the Langkildes, Defendants kept them in default by generating "default-related fee income." *Id.* at ¶¶ 21–33. The Langkildes allege that Defendants generate such income by ordering default-related services from their subsidiaries or affiliated companies. *Id.* at ¶ 22. In turn, the subsidiaries or affiliated companies seek these services from third-party vendors, and the third-party vendors charge Defendants for the services. *Id.* Defendants then increase the price requested by the third-party vendors, charge the marked-up amount on the borrower's account, and pocket the difference. *Id.*

Although mortgage contracts permit a loan servicer to pay for default-related services when necessary or appropriate and to be reimbursed by borrowers, the mortgage contracts do not authorize the loan servicer to raise the actual cost of these services.[2] *See id.* at ¶¶ 23–25. Instead of informing borrowers about the marked-up fees charged on their accounts, the Defendants concealed these fees by identifying the charges as "Miscellaneous Fees," "Corporate Advances," "Other Fees" or "Advances" on borrowers' statements. *Id.* at ¶ 28. The Langkildes also allege that Defendants "assess unnecessary and unreasonable fees for property inspections" under these payment categories. *Id.* at ¶¶ 29–30. Defendants' assessment of these marked-up fees allegedly "make it nearly impossible for borrowers to become current on the loan" and ensure borrowers remain in default. *Id.* at ¶¶ 31–32. As a result of these practices, Defendants allegedly drive borrowers like the Langkildes into foreclosure. *Id.* at ¶ 33.

## IV.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court can consider documents attached to the complaint,

---

[2] The Langkildes do not include language from their mortgage contract with Defendants in the Complaint. But the Langkildes appear to assert that their mortgage contract with Defendants are substantially similar to the general mortgage contracts discussed in the Complaint. *See id.* at ¶ 23 ("The mortgage contracts Defendants service are substantially similar because they conform to the standard Fannie Mae/Freddie Mac form contract.").

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
|---|---|---|---|
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 5 of 12 |

documents incorporated by reference in a complaint, or documents subject to judicial notice. *United States. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* at 678. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## V.
## DISCUSSION

### A.   Violations of California Civil Code Section 2923.6

The Langkildes allege that Defendants violated California Civil Code Section 2923.6 because they engaged in "dual tracking"—that is, Defendants continued foreclosure proceedings against the Subject Property while simultaneously considering the Langkildes' allegedly complete loan modification application. Complaint at ¶¶ 55–62, 80(a).

The California Civil Code states that once "a borrower submits a complete application for a first lien loan modification," the mortgage servicer "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). "[A]n application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." *Id.* at § 2923.6(h). Hence, under Section 2923.6(c), if the Langkildes submitted a complete loan modification application, Defendants were not permitted to continue foreclosure procedures against the Subject Property while they considered the Langkildes' application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 6 of 12 |

Defendants argue that the Langkildes' dual tracking claim fails because the Langkildes do not offer sufficient factual support for their allegation that they submitted a complete loan modification application.[3] The Court disagrees.

The Langkildes allege that they submitted a "complete" loan modification and "diligently complied with all of Chase's requests for documents." Complaint at ¶¶ 42, 45, 58, 60. These allegations, and the reasonable inferences therefrom, sufficiently allege the submission of a complete loan modification as defined by HBOR. Although Defendants cite sister District Courts that have rejected a plaintiff's dual tracking claim for failure to sufficiently plead a completed application, the Court respectfully takes another course. *See* MTD at 12 (citing *Cornejo v. Ocwen Loan Serv., LLC*, 151 F. Supp. 3d 1102, 1111 (E.D. Cal. 2015) ("[T]he [plaintiffs'] assertions that the applications were 'complete' are conclusions, rather than factual allegations, and not entitled to the assumption of truth."); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 989–99 (N.D. Cal. 2014) ("Plaintiff pleads facts to support the inference that she submitted a complete loan modification application, but fails to clearly plead that the application as submitted was complete as required by statute.")). Further, in *Cornejo*, the plaintiffs alleged both that they had furnished a complete application by April 15, 2015 and that they supplemented the application on a later date with further documentation, such that the facts did not allege the submission of a complete application as of April 15, 2015. 151 F. Supp. 3d at 1111.

Here, the Langkildes allege not only that they submitted a complete application and complied with any deadlines for document submission laid out by Chase, but also that they contacted Chase about the status of their pending application, and Chase "assured [them] that they qualified for a loan modification and that the foreclosure would not proceed." Complaint at ¶¶ 44. Together, these facts sufficiently allege completeness under section 2923.6. *Cf. Hatton v. Bank of Am., N.A.*, No. 1:15-cv-00187-GSA, 2015 WL 4112283, at *7 (E.D. Cal. July 8, 2015) (plaintiffs "plausibly alleged" submission of a complete application where the defendant representative told plaintiffs that if they supplied certain information and documents "their application would be complete," and where pleading alleged compliance with the request).

The Court therefore **DENIES** Defendants' MTD as to the Langkildes' Section 2923.6 claim.

---

[3] Defendants also argue that the Langkildes fail to state a claim because "Chase is not required to modify [the Langkildes'] loan because it would be 'in the best interests of all parties.'" MTD at 12. The Court does not consider this argument because the Complaint does not allege that Defendants violated Section 2923.6 because the Langkildes were entitled to a loan modification. Rather, the Complaint alleges that Defendants violated Section 2393 because they engaged in dual tracking. *See* Complaint at ¶¶ 55–62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 7 of 12 |

### B. Violation of California Code Section 2923.7

The Langkildes allege that Chase violated California Civil Code Section 2923.7 by failing to establish a single point of contact ("SPOC") for the Langkildes when they sought a foreclosure prevention alternative. Complaint at ¶ 67. California law provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). Defendants seek dismissal of this cause of action on the ground that the Complaint does not allege that the Langkildes requested a SPOC or that the Langkildes suffered damages as a result of the lack of SPOC as opposed to their own default under the Loan.

Federal courts in California are split on whether Section 2923.7 is triggered by a borrower's request for a foreclosure prevention alternative or, instead, by a borrower's request for a SPOC. *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 874 (N.D. Cal. 2015) (collecting cases). This Court concludes that the former is the more appropriate statutory construction. *See id.* ("Under the plain meaning of the statute, a mortgage servicer's obligation to establish a [SPOC] is triggered 'upon request from a borrower who requests a foreclosure prevention alternative,' not upon request from a borrower who requests a [SPOC]." (quoting *Mungai v. Wells Fargo Bank*, No. C–14–00289 DMR, 2014 WL 2508090, at *9 (N.D. Cal. June 3, 2014))); *Mora v. US Bank*, No. CV 15–02436 DDP (AJWx), 2015 WL 4537218, at *5 & n.1 (C.D. Cal. July 27, 2015) (following the same interpretation). Accordingly, the Court disagrees with Defendants' argument that the Langkildes' Section 2923.7 claim fails because the Langkildes do not allege having requested a SPOC.

As to whether the section 2923.7 claim fails for lack of harm, the Court agrees. Although the Complaint alleges that Chase did not assign the Langkildes a SPOC, discusses the requirements of the SPOC, and the purpose of Section 2923.7, the Langkildes do not allege any facts supporting the inference that they suffered damages as a consequence of Chase's violation. *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013) (plaintiffs' claim fails because they did plead any damages resulting from the defendant's violation of Section 2923.7).

The Court therefore **GRANTS** Defendants' MTD as to the Langkildes' Section 2923.7 claim with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
|---|---|---|---|
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 8 of 12 |

**C. Negligence**

The Langkildes allege that Wells Fargo was negligent in its handling of their loan modification application. Defendants challenge the claim on the ground that Wells Fargo did not owe a duty of care to Plaintiffs. MTD at 14–16.

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1250 (2009) (citing *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001)). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1052 (C.D. Cal. 2012) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991)).

There is a split of authority among the courts in California regarding whether a lender owes a borrower a duty of care when considering a loan modification application. *See Yau v. Deutsche Bank Nat. Trust Co. Americas*, 525 F. App'x 606, 609 (9th Cir. 2013) ("[T]he California courts of appeal appear to be of two minds on the application of that general rule in cases involving offers of loan modifications handled negligently."). The California Courts of Appeal have reached two distinct and divergent conclusions on the issue. *Compare Lueras v. BAC Homes Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013) (finding loan modification applications "fall squarely within the scope" of conventional lender activities, and thus do not create a duty of care), *with Jolley v. Chase Home Fin.*, LLC, 213 Cal. App. 4th 872 (2013) (finding a duty of care when lender of a construction loan made "specific representations" to the borrower regarding "the likelihood of loan modification"), *and Alvarez v. BAC Home Loans Servicing*, *LP*, 228 Cal. App. 4th 941 (2014) (finding a duty arises when a lender agrees to consider a borrower's loan modification application). Neither the California Supreme Court nor the Ninth Circuit have spoken on this issue and, as such, District Courts have come to different conclusions in light of the split.

This Court concludes that a duty of care arises out of Defendants' review of the Langkildes' loan modification application. Both the *Jolley* and *Alvarez* courts highlight the importance of the California Homeowner Bill of Right ("HBOR") and the legislative intent behind the enactment of these laws. "[T]he California Legislature has expressed a strong preference for fostering more cooperative relations between lenders and borrowers who are at risk of foreclosure, so that homes will not be lost." *Jolley*, 213 Cal. App. 4th at 903. According to *Jolley*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 9 of 12 |

> [W]e refer to the existence—and recent strengthening—of these legislative measures because they demonstrate a rising trend to require lenders to deal reasonably with borrowers in default to try to effectuate a workable loan modification. In short, these measures indicate that courts should not rely mechanically on the "general rule" that lenders owe no duty of care to their borrowers.

*Id.*; *see also Alvarez*, 228 Cal. App. 4th at 950–51 (following *Jolley* by taking into consideration the importance of legislative intent behind the HBOR). Like a number of other District Courts, this Court finds *Jolley*'s reasoning persuasive. *See Norris v. Bayview Loan Servicing, LLC*, No. CV 15-06413 MWF (DTBx), 2015 WL 6745048 (C.D. Cal. Oct. 26, 2015); *Salazar v. U.S. Bank Nat. Ass'n*, No. ED CV 14-514 GHK (DTBx), 2015 WL 1542908 (C.D. Cal. Apr. 6, 2015); *Johnson v. PNC Mortg.*, 80 F. Supp. 3d 980, 985 (N.D. Cal. 2015); *Shapiro v. Sage Point Lender Servs.*, EDCV 14-1591 JGB (KKx), 2014 WL 5419721 (C.D. Cal. Oct. 24, 2014).

Having determined that Defendants owed the Langkildes a duty of care, the Court **DENIES** Defendants' MTD as to the Langkildes' negligence claim.

**D.     Violation of the UCL**

The Langkildes also allege that Defendants violated the UCL. Complaint at ¶¶ 76–91. The UCL prohibits "unfair competition," which is defined as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Each of these three prongs constitutes a separate and independent cause of action. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 185–86 (1999). The UCL treats violations of other laws, when committed in the context of business activity, as "unlawful practices independently actionable under section 17200 *et seq.* and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). The Langkildes' cause of action for UCL violations relate to Defendants' alleged (1) violations of Sections 2923.6 and 2923.7, (2) negligence, (3) institution of "improper or premature foreclosure proceedings to generate unwarranted fees," and (4) concealment of the true nature of their assessment of marked-up fees on the Langkildes' account. Complaint at ¶ 80.

Defendants contend that the Langkildes lack standing to bring a UCL claim because they do not allege having lost any money or property as a result of Chase's conduct, but rather that any economic injury the Langkildes suffered was caused by the Langkildes' own failure to maintain their mortgage loan payments. They also argue that the Langkildes have failed to allege any unfair, unlawful, or fraudulent conduct by Chase so as to state a claim under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 10 of 12 |

1. **Standing**

To establish standing under the UCL, a plaintiff must show economic injury, in the form of lost "money or property," that resulted from the defendant's alleged unfair, unlawful, or fraudulent conduct. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320–21 (2011). A causal connection between a defendant's alleged conduct and the harm a plaintiff has suffered is broken "when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).

Because the Court has already concluded that the Langkildes have not shown harm stemming from Chase's violation of section 2923.7, the Court **GRANTS in part** the MTD in connection with the UCL claim, insofar as it is predicated on the section 2923.7 claim, because the Complaint does not allege a causal link between the section 2923.7 violation and the Langkildes' alleged economic harm.

The causal link between the Langkildes' harm from the foreclosure of the Subject Property and Defendants' alleged violations of section 2923.6 and purported negligence is sufficiently pleaded. Although the Langkildes allege that they faced trouble making their loan payments in June 2012, which first initiated the foreclosure proceedings, the Complaint also alleges that after they submitted a complete loan modification application, Chase told them that they qualified for a loan modification and the foreclosure would not proceed. Complaint at ¶¶ 39–40, 59. The bank nevertheless continued to conduct a trustee's sale of the Subject Property before the Langkilde's could get back on their feet. *Id.* at ¶ 60. Accordingly, the Langkildes sufficiently allege the loss of property due to Defendants' unlawful behavior, as opposed to the loss of property due to Plaintiffs' own financial missteps. Because the negligence claim is also rooted in Defendants' handling of the loan modification process, the Langkildes successfully plead causation under the UCL and therefore have standing to bring a cause of action under that statute. *See id.* at ¶ 73. The Court thus **DENIES** the MTD in connection with the UCL claim insofar as it is predicated on the section 2923.6 violation and negligence.

2. **Merits of UCL Claim**

Defendants' challenge to the merits of the UCL claim boils down to an argument that the Langkildes have not alleged sufficient facts to demonstrate an underlying violation of the law or unfair or fraudulent business practice. Because the Court has concluded that the Langkildes have sufficiently pleaded a claim for negligence and a violation of section 2923.6 of HBOR, the Court **DENIES** the MTD as to the sufficiency of Plaintiffs' "unlawful" UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3079-DMG (SSx)** | Date | November 9, 2017 |
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 11 of 12 |

Arguing that the Langkildes have not pleaded a "fraudulent" UCL claim, Defendants point to *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006). *Daugherty* shows that a UCL violation for a fraudulent practice "can be shown even without allegations of actual deception, reasonable reliance and damage," unlike a common law fraud claim. *Id.* at 838. The operative pleading also must "show[] that members of the public are likely to be deceived." *Id.*

The Langkildes base their fraudulent UCL cause of action on Defendants' alleged marking up of fees as well as their "active deception, falsifying and/or failing to deliver material documents, and concealment of information." Complaint at ¶¶ 84–85. The Court agrees with Defendants that the latter allegations are too vague and conclusory to support a cause of action for a fraudulent UCL claim. Further, the Langkildes do not allege how such vague actions are likely to deceive the public. As for Defendants' alleged imposition and concealment of improper marked-up fees, the Complaint does not allege sufficient facts—such as "when these charges were assessed, the vendors involved, or why Plaintiffs have concluded that these charges were excessive"—to give rise to a plausible claim that Defendants marked-up the cost of services. *Williams v. Wells Fargo Bank, N.A.*, No. EDCV 13-2075 JVS (DTBx), 2014 WL 1568857, at *9 (C.D. Cal. Jan. 27, 2014) (dismissing the plaintiff's UCL claim because the plaintiff did not provide sufficient factual details about the allegedly illegal marked-up fees). The Court thus **GRANTS** the MTD in connection with the cause of action for fraudulent business practices in violation of the UCL.

Lastly, the Langkildes allege that Defendants' conduct in the processing of the loan modification application and the foreclosure of the Subject Property was "unfair" because such acts "offend public policy and are substantially injurious to Plaintiffs and all consumers." Complaint at ¶¶ 80, 82–83. In *Puentes v. Wells Fargo Home Mortgage, Inc.*, the case Defendants cite in support of their MTD, the California Court of Appeal opined on the meaning of "unfair" within the UCL and determined that "where a claim of an unfair act or practice is predicated on public policy, . . . the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." 160 Cal. App. 4th 638, 647 (2008). The Court concludes that the Langkildes have sufficiently alleged an unfair business practice that is tethered to a specific statutory provision, the HBOR. The Court thus **DENIES** the MTD in connection with the cause of action for unfair business practices in violation of the UCL.

E.   **Accounting**

Defendants move to dismiss the accounting claim for failure to sufficiently plead both elements of a cause of action for accounting, a fiduciary relationship and an uncertain sum due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3079-DMG (SSx) | Date | November 9, 2017 |
|---|---|---|---|
| Title | *Alfred Langkilde, et al. v. JPMorgan Chase Bank, N.A., et al.* | Page | 12 of 12 |

from Defendants to the Langkildes. In their Opposition, the Langkildes appear to have abandoned this cause of action. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (collecting cases)). The Court thus **GRANTS** Defendants' MTD as to the Langkildes' cause of action for accounting with leave to amend.

## VI.
## CONCLUSION

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** the MTD with leave to amend the causes of action for violations of California Code Section 2923.7, fraudulent business practices in violation of the UCL, and accounting. Plaintiffs shall file their First Amended Complaint ("FAC"), or notify Defendants that they do not intend to amend, within 21 days from the date of this Order. Defendants shall file their response within 21 days after the filing and service of the FAC.

**IT IS SO ORDERED.**